**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**(Trenton)**

| | | |
|---|---|---|
| HARRY JAY LEVIN, Individually And Derivatively on Behalf of Baja Unlimited, LLC,<br>*Plaintiff*,<br><br>v.<br><br>MICHAEL SWEIGART, Individually, BAJA UNLIMITED, LLC, JOHN DOES 1-10 and ABC CORP, 1-10,<br><br>*Defendants*. | : | Civil Action No. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367 and 1441, Defendant Baja Unlimited, LLC ("Defendant" or "Baja") removes this case from the Superior Court of New Jersey, Chancery Division, Monmouth County to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Baja avers as follows:

**A. PROCEDURAL BACKGROUND**

1. Baja is a Delaware limited liability company that is registered as a foreign limited liability company in New Jersey. Baja's principal place of business is in New Jersey.

2. Michael Sweigart ("Sweigart") and Harry Levin ("Levin") are the only members of Baja. Sweigart owns 70% of the company and Levin, who is a lawyer in New Jersey, owns 30% of the company.

3. Baja's main business is selling the Fur-Zapper, a patented product which removes pet hair from fabric in washing machines and clothes dryers.

4. On February 18, 2022, Levin filed a pro se Complaint against Sweigart in the Superior Court of New Jersey, Law Division, Monmouth County, Trans ID LCV2022719400.

5. On June 13, 2022, Levin withdrew his February 18, 2022 Complaint and filed a Complaint, with co-counsel, in the Superior Court of New Jersey ("State Court"), Chancery Division, Monmouth County, Docket No. MON-C-000076-22 ("State Court Action) asserting claims for Declaratory Judgment (Count I), Breach of Fiduciary Duty of Care (Count II), Breach of Fiduciary Duty of Loyalty (Count III), Unjust Enrichment (Count IV), Breach of Fiduciary Duties (Count V), Action for Inspection of Books and Records (Count VI), Violation of New Jersey Law Against Discrimination (Count VII), Defamation (Count VIII), and Fraud (Count IX) against Sweigart.

6. On October 21, 2022, the State Court granted Levin's motion for summary judgment on Declaratory Judgment (Count I).

7. On October 7, 2024, Levin and Sweigart proceeded to trial on the issue of liability for the eight remaining claims during the first phase of a bifurcated trial.

8. During the trial, Levin voluntarily dismissed his claims for Defamation (Count VIII) and Fraud (Count IX). Additionally, the State Court dismissed Levin's claim for Discrimination (Count VII) during the first phase of the trial.

9. On February 18, 2025, the State Court entered its opinion and Order on the first phase of the trial finding Sweigart liable for oppressing Levin and frustrating Levin's reasonable expectations and interests as a minority member of Baja. The State Court also stated that the remedies, if any, for such oppression of Levin would be considered and decided in the second phase of the trial at a later date.

10. The second phase of the trial on the issue of damages was scheduled for March 3, 2026.

11. On July 22, 2025, Levin filed a Motion for Fees seeking $355,314.40 in attorneys' and expert fees relating to the first phase of the trial. The State Court rejected the majority of Levin's motion for fees but subsequently did award $51,148.50 in attorneys' fees to Levin on August 21, 2025 relating to whether Sweigart's unsuccessful argument that Levin had violated New Jersey Rule of Professional Conduct 1.8(a) when he acquired a 30% interest in Baja in exchange for legal services.

12. On February 27, 2026, the State Court certified the $51,148.50 attorneys' fees award as a final judgment.

13. On March 11, 2026, Sweigart filed a notice of appeal of the February 27, 2026 entry of judgment for Levin.

14. On March 16, 2026, Sweigart filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey.

15. On March 17, 2026, the Honorable Mara Zazzali-Hogan entered an Order dismissing Levin's June 13, 2022 Complaint against Sweigart without prejudice due to the bankruptcy proceedings.

16. On June 3, 2026, the Bankruptcy Court entered an Order confirming the absence of a stay against Baja Unlimited, LLC.

17. On June 3, 2026 and July 2, 2026, Levin requested that the State Court reinstate his June 13, 2022 Complaint.

18. On July 15, 2026, Levin filed a Motion for Leave to File First Amended Complaint.

19. On July 31, 2026, the State Court granted Levin's Motion for Leave to File First Amended Complaint.

20. On August 4, 2026, Levin filed his First Amended Complaint against Sweigart and added Baja as an additional defendant.

21. The August 4, 2026 First Amended Complaint contained the same claims as Levin's June 13, 2022, Complaint: Declaratory Judgment (Count I), Breach of Fiduciary Duty of Care (Count II), Breach of Fiduciary Duty of Loyalty (Count III), Unjust Enrichment (Count IV), Breach of Fiduciary Duties (Count V), Action for Inspection of Books and Records (Count VI), Violation of New Jersey Law Against Discrimination (Count VII), Defamation (Count VIII), and Fraud (Count IX).

22. Baja's counsel accepted service of Levin's First Amended Complaint on behalf of Baja on August 24, 2026. This Notice of Removal is being filed within 30 days of service as required by 28 U.S.C. § 1446(b).

## B. <u>GROUNDS FOR REMOVAL</u>

23. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

24. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the present action because it is a civil action founded on a claim or right arising under the laws of the United States.

25. More specifically, pursuant to 28 U.S.C. § 1338(a), "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant

variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."

26. Count IX of the First Amended Complaint against Baja asserts allegations that Sweigart committed fraud by representing that he was the sole inventor of the Fur-Zapper (Baja's primary and most important product) in the patent application and other filings in the in the PTO. Levin alleges that he should be credited and identified as a co-inventor in the Fur-Zapper patent. In Count IX and his Prayer for Relief, Levin explicitly asks the Court to direct and to order that the PTO be contacted so that the Fur-Zapper patent is corrected to identify both Levin and Sweigart as co-inventors. 35 U.S.C. § 256 provides the procedures for correcting the names of inventors on patents, including an order of a federal district court before which the issue has been raised. Accordingly, Count IX of the First Amended Complaint asserts a claim or right arising under the laws of the United States over which this Court has original jurisdiction and, therefore, removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

27. This Court has jurisdiction over Plaintiff's other related state law claims because "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" pursuant to 28 U.S.C. § 1367.

## C. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

28. Pursuant to 28 U.S.C. § 1441(a), removal of this action is proper in the United States District Court of New Jersey, Trenton Vicinage, which is the district and division embracing the place where the state court action is pending.

29. In accordance with 28 U.S.C. § 1446(a), a copy of all executed process, pleadings asserting causes of action, and orders in the State Court Action served upon Defendant Baja are attached hereto as **Exhibit A**.

30. Promptly after the filing of this Notice of Removal, Baja shall give written notice of the removal to the Plaintiff and will file a copy of this Notice of Removal with the Superior Court of New Jersey as required by 28 U.S.C. § 1446(d).

WHEREFORE, Baja hereby gives notice that this matter is removed to the United States District Court for the District of New Jersey and respectfully requests that this Court retain jurisdiction over all claims and further proceedings in this matter.

Respectfully submitted,

Dated: September 15, 2026

*/s/ Mark Schoeller*

**CLARK HILL PLC**
Mark Schoeller, Esquire
Joseph Jesiolowski, Esquire
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Phone: (215) 640-8500
Fax: (215) 640-8501
Email: mschoellerclarkhill.com
jjesiolowski@clarkhill.com
*Attorneys for Defendant*
*Baja Unlimited, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that on this 15th day of September, 2026, I have caused this foregoing document to be served on counsel for all parties by email to the following:

Harry Jay Levin, Esq.
1358 Hopper Avenue, #265
Toms River, New Jersey 08753
harrylevin@levinlawteam.com

Donald F. Campbell, Jr., Esq.
Matthew Fiorovanti, Esq.
Giordano, Halleran & Ciesla, P.C.
125 Half Mile Road, Suite 300
Red Bank, New Jersey 07701
dcampbelli@ghclaw.com
mfiorovanti@ghclaw.com

*/s/ Mark Schoeller*
Mark Schoeller